AYRES, Judge.
By this action, plaintiff seeks to recover the sum of $1,500 expended for the purchase of 15 shares of preferred stock of Green Cab Company, Inc. Made defendants are the cab company and Hicks, its president.
For a cause of action plaintiff alleges (1) that the aforesaid funds, delivered personally to Hicks, never reached the corporation; (2) that plaintiff was induced by fraudulent representations to purchase said stock; and (3) that no certificate representing said shares was ever issued or delivered to him.
The evidence, in the trial court’s opinion, did not support plaintiff’s contentions. Accordingly, plaintiff’s demands were rejected and he appealed.
The record discloses no justification nor basis for plaintiff’s complaints. As to the first of these, there is, in evidence, a cashier’s check, payable to the corporation, endorsed by it and credited by deposit to its account in the Pioneer Bank & Trust Co. There is no showing or intimation whatever that Hicks received any part of these funds. Hicks, on behalf of the corporation, merely signed a receipt for the money.
The second of plaintiff’s contentions, that he was induced by fraud to purchase his stock, is, likewise, untenable. The basis for this complaint is that the corporation was represented to him as a going concern; whereas he asserts it was, in fact, insolvent. At the time plaintiff purchased the aforesaid stock, the corpora *814 tion was in business as a taxi concern and owned and operated some 18 taxicabs. Subsequently, a judgment was obtained against the corporation in an action in tort. Defendant corporation’s surety failed, and the burden of payment was placed primarily upon the assured. By virtue of this judgment, the corporation was forced into liquidation. By action of the stockholders, the remainder of its assets was sold to another cab company. Hicks and other stockholders expended several thousand dollars of their personal funds in an effort to save the corporation, but were unable to do so. Therefore, we find no evidence to substantiate plaintiff’s claim of any false or fraudulent misrepresentation as to the corporation’s business at the time of his purchase of stock. Its financial difficulties arose because of the failure of its public liability insurer.
Nor do we find any basis for plaintiff’s claim predicated upon the contention that a certificate representing the shares purchased was never issued or delivered to him. While it is true that, due to the neglect of a ministerial act by the corporation’s officials, a certificate was not formally issued or delivered to plaintiff, no demand was made for the issuance of such a certificate. Plaintiff was, however, accorded the rights of and treated as a stockholder in the corporation. Through a power of attorney in effect during his absence in military service, plaintiff’s wife participated in the conduct of the corporation’s affairs; she received notices of and attended meetings of the stockholders, and, on two occasions, received dividends on plaintiff’s stock.
Through a timely request and demand, plaintiff could have obtained his stock certificate, but, as stated, he made no demand therefor. He was, as heretofore pointed out, accorded all the rights and privileges of a stockholder, and, moreover, received such dividends as were declared on his stock. His complaint in this regard, made after the affairs of the corporation were liquidated, is without merit, and is not, under the circumstances, entitled to consideration.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.